UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EARLUS L. WILLIAMS, | ) | CASE NO. 1:05 CV1955 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN M. MANOS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | |
| FEDERAL BUREAU PRISONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

A motion was filed in forma pauperis under 18 U.S.C. § 3582 by pro se petitioner Earlus Williams in the United States District Court for the District of Columbia on May 9, 2005. Petitioner named the Federal Bureau of Prisons and T.C. Outlaw, Warden at the Federal Prison Camp Memphis (F.C.I. Memphis) in Millington, Tennessee as respondents. A review of that court's docket indicated that Mr. Williams was incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton).

Upon review of the petition, Judge Paul L. Friedman determined that Mr. Williams was seeking a modification of the sentence imposed by the United States District Court for the Northern District of Ohio. Further, to the extent petitioner was seeking federal habeas relief Judge Friedman reasoned that

the District Court for the District of Columbia lacked personal and subject matter jurisdiction over the matter. As a consequence, Judge Friedman signed an order dated May 6, 2005 transferring the petition to the United States District Court for the Northern District of Ohio. The order was issued on July 6, 2005 and the above-captioned petition was filed in this court on August 8, 2005.

Petitioner, who is still incarcerated at F.C.I. Elkton, seeks early release from imprisonment. For the reasons stated below, the petition is denied and this action is dismissed.

*Background*

Earlus Williams pleaded guilty in 1991 to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §924(c). This court sentenced him to an aggregate term of 228 months confinement. He was subsequently sentenced to a concurrent term of 2 to 10 years confinement by the State of Ohio. Mr. Williams was awarded 332 days of prior custody credits and a total projected Good Conduct Time amount of 894 days, with a projected release date of September 19, 2006

In 1994 Mr. Williams suffered a heart attack in prison. He claims that his health deteriorated because of inadequate medical care. Five years after the first heart attack, petitioner suffered another attack and was hospitalized. During the fourteen days he spent in the hospital Mr. Williams underwent angioplasty surgery. Another surgery was performed in 2003 after Mr. Williams suffered a third heart attack on September 25, 2003. At that time a stent was also placed in his arteries. He complains that as a result of overall staff neglect, his heart has been permanently damaged.

Almost one year after surgery, Mr. Williams was examined by a cardiologist at St.

Elizabeth's Hospital in Youngstown, Ohio. Although the physician at St. Elizabeth's ordered several tests to determine the condition of petitioner's heart, the tests could not be completed because he was transferred to F.C.I. Memphis on September 17, 2004.

Mr. Williams claims he submitted an Administrative Request form to the Warden at F.C.I. Memphis seeking relief pursuant to 18 U.S.C. §3582(C)(1)(A), which was denied. He claims that an appeal he filed to the Region was also denied, which prompted him to file an appeal to the General Counsel in the Bureau of Prisons (BOP) Central Office. The Central Office did acknowledge receipt of petitioner's request on January 4, 2005, with a projected response date of February 13, 2005. A subsequent notice, dated February 14, 2005, indicated that the Central Office needed additional time and projected a response date of March 5, 2005. In response, Mr. Williams sent an undated letter to the Central Office advising that if no response was received by March 24, 2005, he would file a petition in the United States District Court of Columbia. While there is no correspondence attached to the petition indicating that Mr. Williams received a final decision from the Office of General Counsel, he asserts that he has exhausted all of his administrative remedies.

In his present petition, Mr. Williams maintains that he is entitled to relief under 18 U.S.C. § 3583(c)(1)(A) "due to extraordinary and compelling circumstances." Even though he details several incidents of mistreatment by prison officials regarding his heart disease and diabetes, petitioner specifically notes that he is not trying to state a claim of cruel and unusual punishment in violation of the Eighth Amendment. His purpose in advising the court of these events is to show that the "damage" he suffered was not foreseeable at the time he was sentenced. He notes further that he has been a model prisoner since the commencement of his sentence and attaches a copy of a June 21, 2004 "Progress Report" from F.C.I.

3

Elkton indicating that he is not considered a "management problem."

It is Mr. Williams's position, based on Shepard v. United States, 125 S.Ct. 1254 (2005), that his due process rights were violated when the trial court enhanced his sentence using prior convictions to which he did not stipulate and which were not part of his plea agreement. He claims that during sentencing he objected to the use of both prior convictions as well as the quantity of marijuana relied on by the sentencing judge, whose decision would not have been supported by Booker v. United States, 125 S. Ct. 738 (2005) or Shepard. He attacks the "Journal entries" on which the court relied, and asserts that the Presentence Investigation Report (P.S.I.) was incorrect at the time of sentencing and that no judge ever signed the convictions mentioned in the "Journal entries," thus precluding the court from applying § 4B1.1 of the Sentencing Guidelines. He believes that these constitutional violations and his present physical status entitle him to early release from prison.

*28 U.S.C. §2241*

Where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998). Although the District Court of Columbia indicated this might be a motion to vacate, Mr. Williams has not characterized his petition in that manner, and this court will not construe his petition as such without his consent.[1] Further, even if this were

---

[1] In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in

4

construed as a federal habeas petition, a federal prisoner may challenge his conviction or the imposition of his sentence pursuant to § 2241 only when it appears the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," see United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997), and Mr. William has not argued that his remedy under § 2255 is ineffective or inadequate.

*18 U.S.C. §3582*

The stated basis upon which Mr. Williams does seek this court's relief is under §3582 (c)(1)(A) in Title 18 of United States Code. That section provides that, once a sentence is imposed, a court may modify a term of imprisonment only (1) upon a motion of the Director of the Bureau of Prisons; or (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Civil Procedure. See 18 U.S.C. § 3582(c)(1). There are three specific circumstances under Rule 35 that allow for such modification of a sentence: (i) on remand from a court of appeal following a successful Section 3742 motion; (ii) after a government motion to reduce sentence for substantial assistance; and (iii) to correct a sentence imposed as a result of arithmetical, technical, or other clear error. FED. R.CRIM. P. 35.

None of Mr. Williams's claims falls into any of these categories. There has been no motion made by the Director of the Bureau of Prisons to modify his sentence. His motion has not been remanded

---

particular, "'[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.'" Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions

from an appellate court, and the government has not made a motion to reduce his sentence for substantial assistance. Petitioner does not claim there has been an arithmetical or technical error, nor does he argue that his sentence has been a result of any "clear error." Additionally, even if he had made a Rule 35(c) claim, it would have been time-barred since the rule requires action within seven days after the imposition of the sentence. See FED. R.CRIM. P. 35(c). Mr. Williams does not suggest any other statutory basis beyond Rule 35 for modification of his sentence.[2]

Accordingly, petitioner's request to proceed in forma pauperis is granted and the petition is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Issued: October 11, 2005               s/ John M. Manos
                                       UNITED STATES DISTRICT JUDGE

---

[2]Although it is true the Booker court determined that its decision in Blakely applies to the Sentencing Guidelines, Booker, 125 S.Ct. at 755-56, the Court also expressly stated that its holding applied only to pending cases on direct review. Id. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")). It is apparent that Mr. Williams's case is not pending on direct review.